Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-144-HRW

RUSSELL LEON PEASE                                                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, Warden                                                            RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Russell Leon Pease, a prisoner currently confined in the Federal Correctional Institution ("FCI") in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, and has paid the District Court filing fee of $5.00.

This matter is now before the Court for the screening of the Petition. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002). As Pease is appearing *pro se,* his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

**CLAIMS**

Petitioner claims that he has been denied 180 days of prior custody credits toward his federal sentence for the time from December 11, 2003, when he came into the custody of the Federal Marshals with a "hold" order, to June 23, 2004, when he was surrendered back into state custody.

**ALLEGATIONS OF THE PETITION**

The following is a summary of the allegations contained in Pease's Petition and accompanying exhibits.

Petitioner has set out a detailed chronology of the events occurring on pertinent dates. He states that he was arrested for bank robbery with use of a gun, on October 22, 2003. Among his attached exhibits are State documents showing that the arrest was by State authorities, specifically an officer of the Sheriff's Office of White County, Tennessee; Pease was charged with aggravated robbery by the State on that date; and his bail was set at $250,000. Exhibits [hereinafter "Ex."] 1-2.

In the period after his arrest, Pease's wife swears in an attached affidavit, she tried to get the bail money. When she was finally successful in locating a willing benefactor, on a date not revealed, she found that Pease had been transferred to the Hamilton County Jail and was being held there by the federal authorities. The Court assumes that this was in mid-December of 2003, as Petitioner admits that he was indicted on federal charges in a sealed indictment on December 9th and taken to the Hamilton County Jail by federal authorities on December 11th, the beginning date for the time for which he seeks credit toward his federal sentence.

An undated State document has two notations, one being that the prisoner was subject to a Federal Hold and the other showing that on June 3, 2004, the prisoner was sentenced to 93 months, *i.e.*, 7.75 years. Ex. 5. Petitioner's allegations are consistent with this document, Pease alleging that

2

on June 3, 2004, the federal court imposed a sentence of 93 months on count 1; and 60 months, to run consecutively, on count 2 of the indictment.

On June 23, 2004, the Petitioner writes, he left federal custody and was returned to the custody of the State of Tennessee. On August 16, 2004, the State court sentenced him to him to 11 years, to run concurrently with the federal sentence. Additionally, the Tennessee court granted Pease 299 days of pre-custody credit for the period of October 22, 2003 to August 16, 2004, that is, all days from the date of his arrest to the date of his State sentencing. He then began service of his State sentence.

Petitioner alleges that he served the State-imposed sentence to its completion on May 17, 2006. On that date, Petitioner was surrendered to the Federal Bureau of Prisons ("BOP") to begin serving the federal sentence. It was then that Pease was informed that he would not get any credit toward service of his federal sentence until the date of his arrival to serve it, May 17, 2006. After petitioning the State, unsuccessfully, for these credits for time in federal custody prior to May 17th, the Petitioner began seeking them through the BOP's administrative remedy process.

On a BP-9 form, for a federal prisoner seeking relief from the warden, in April of 2007, Pease has written only "Nunc Pro Tunc Disgnation [sic]," and he did the same on an appeal to the BOP Regional Director. Ex. 11-12. Both the warden and regional director responded to that request by writing that the prisoner had "provided no specific complaint;" the credit he seeks is "precluded under Title 18 U.S.C. § 3585(b);" but Pease would, nonetheless, be considered for a *nunc pro tunc* designation under the BOP's Program Statement 5160.05, Designation of State institution for Service of Federal Sentence, and he would be notified of the result.

3

Pease continued his appeal to the last level, the BOP's national office. This time the response was that after a review of factors under Title 81 U.S.C. § 3621(b)(2), (3), (4), and (5) and Program Statement 5160.05, "the Bureau has determined that your are appropriate for a *nunc pro tunc* designation. Your computation has been updated and your current projected release date is March 4, 2011. **Based on the above, your request is granted**." Ex. 13 (bold added).

Petitioner, however, states that his request was only partially granted. "The B.O.P. recalculated Pease's sentence computation beginning from the day he received his federal sentence," June 3, 2004, but not for time in custody prior to that date.

## DISCUSSION

The Court construes Pease's Petition as requesting prior custody credit for the time when he was in the Hamilton County Jail without bond pursuant to the authority of a federal "hold," which began on December 11, 2003, and continued to June 23, 2004, when he was returned from federal custody to state custody for service of his state sentence.

However, according to his exhibits, he has already received credit on his federal sentence for the time from imposition of the federal sentence on June 3, 2004, to June 23, 2004, when he left federal custody and was returned to the custody of the State of Tennessee. By the Court's calculation, therefore, Pease's current request for prior custody credit toward his federal sentence is actually for the period of time from December 11, 2003, to June 3, 2004, when he was held purportedly without an opportunity for release on bond because of the federal authorities' hold.

Title 18 of U.S.C. § 3585, **Calculation of a term of imprisonment**, provides for the date upon which when a sentence is calculated to begin and for the grant of prior custody credits, although only in certain situations and only if the time was not credited to another sentence. As

4

another District Court in this Circuit has written, however, "[e]volved legal precedent instructs that credit against a federal sentence attaches . . . when the federal detainer is the exclusive reason for a prisoner's failure to obtain his release on bail." *Otero v. Warden, FCI Elkton*, 2005 WL 1223429 (N.D. Ohio 2005) (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).

In the instant case, the Petitioner admits that he was granted 299 days of prior custody credits toward his state sentence for all time from his arrest to his sentencing by the State on August 16, 2004. He also presents documents showing that he was granted some prior custody credits toward his federal sentence and was granted a *nunc pro tunc* designation for service of part of his federal sentence while in the custody of the State.

The Court construes Pease's claims, however, to be that he is entitled to and been denied another 180 days of prior custody credits toward his federal sentence for the period of time he was held without bond, after December 11th, 2003, to June 3, 2004, when the BOP calculates that service of his federal sentence began. While Pease's administrative documents are short on some facts, they do show that he exhausted the administrative process necessary to bring this action, and the Respondent will be required to submit a Response as to the facts and the law for this period of time.

Accordingly, **IT IS ORDERED** as follows:

(1) The Respondent in this action is Warden E. K. Cauley.

(2) The Clerk of the Court shall serve, by certified mail, a copy of the Petition and this Order upon Warden E. K. Cauley, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

5

(3) Respondent, by counsel, shall answer or otherwise defend within twenty (20) days of the date of entry of this Order. Respondent shall also file with his Answer or Response all relevant documentary evidence which bears upon the allegations contained in the Petition.

(4) Upon entry of a Response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(5) The Petitioner shall keep the Clerk of the Court informed of his current mailing address. ***Failure to notify the Clerk of any address change may result in a dismissal of this case***.

(6) For every further pleading or other document he wishes to submit for consideration by the court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of a copy, as above, the document will be disregarded by the Court.

This February 26, 2009.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge