NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-144-HRW

RUSSELL LEON PEASE                                                 PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, Warden                                      RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is ripe for a decision on Russell Leon Pease's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. For the reasons discussed below, the Petition will be denied.

**BACKGROUND**

In the instant habeas proceeding, Pease, a prisoner confined in the Federal Correctional Institution ("FCI") in Ashland, Kentucky, has claimed that the Federal Bureau of Prisons ("BOP") denied him 180 days of prior custody credits toward his federal sentence for the time between December 11, 2003, and June 23, 2004. This is the time period which began when he was taken from the custody of the State of Tennessee into the custody of the U.S Marshals Service and ended on the day when the Marshals surrendered him back into State custody.

The Petitioner alleges that earlier, on October 22, 2003, an officer of the Sheriff's Office of White County, Tennessee, arrested him for bank robbery with use of a gun. Petitioner admits that on December 9, 2003, he was indicted on federal charges; and the Respondent agrees that he was taken into the custody of the Marshals on December 10th, for the purpose of appearing in federal

court. Afterwards, apparently on December 11th, the Marshals took him to a local jail, where they held him until he was sentenced in the federal court.

December 11, 2003, is the beginning date for the time for which Pease seeks credit toward his federal sentence. He insists that he was in the custody of federal authorities, the Marshals. During the time at issue, on June 3, 2004, Petitioner was sentenced in the United States District Court for the Eastern District of Tennessee. That Judgment did not mention any State charges or sentences.

The closing date at issue herein, June 23, 2004, is when the Marshals returned the Petitioner to the custody of the State of Tennessee. On August 16, 2004, the State court sentenced Pease to 11 years for aggravated robbery, that sentence to run concurrently with the federal sentence. Additionally, the Tennessee court granted Pease 299 days of pre-custody credit for the period of October 22, 2003, to August 16, 2004, that is, all days from the date of his arrest, through the U.S. Marshal's moving him to and from local jails, and up to the date of his State sentencing. After the imposition of the State sentence on August 16th, the Petitioner stayed in Tennessee custody for service of the State sentence(s).

Petitioner alleges that he served the State sentence to its completion, on May 17, 2006, at which time he came into the custody the BOP to begin serving the federal sentence. Evidently it was not until then that Pease learned that he would not get any credit toward service of his federal sentence until the date of his arrival to serve it, May 17, 2006.

Petitioner pursued the BOP's administrative remedy process to obtain a *nunc pro tunc* designation,[1] so as to obtain concurrent credit on the federal sentence for the time already spent in

---

[1] The Latin phrase *nunc pro tunc* [Latin "now for then"] means having retroactive legal effect. *Black's Law Dictionary* (8th ed. 2004).

2

State custody.  Eventually, the administrator for the BOP's National Appeals responded that after a review of factors under Title 81 U.S.C. § 3621(b)(2), (3), (4), and (5) and Program Statement 5160.05, "the Bureau has determined that your are appropriate for a *nunc pro tunc* designation.  Your computation has been updated and your current projected release date is March 4, 2011.  **Based on the above, your request is granted**."  Ex. 13 (emphasis added).

Petitioner's position, however, is that his request was only partially granted.  He writes, "[t]he B.O.P. recalculated Pease's sentence computation beginning from the day he received his federal sentence," June 3, 2004, but he did not receive any credit for time prior to that date, including the time in which he was held by the Marshals.

With supporting declarations and exhibits, the Respondent takes the same position herein as the BOP took in the administrative remedy process, contending that Petitioner is not entitled to any additional credits.  To the extent that Pease was in the custody of the U.S. Marshals from December 11, 2003 to June 23, 2004, while he was appearing and being sentenced in federal court, Respondent counters that such custody was under a *Writ of Habeas Corpus ad Prosequendum*, whereby he was merely "borrowed" from the State.  Primary custody remains in the sovereign who first arrests the prisoner, in this case, Tennessee, until he is returned to that sovereign.  No federal credit accrues.

Also according to the Respondent, the Petitioner Pease was considered for credits for the time he could not be granted release on bond because of federal "hold."  The BOP found, however, that he did not qualify for these *Willis* credits, named after the case of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), which was decided under 18 U.S.C. § 3568, not its current version in 18 U.S.C. § 3585.  In fact, Respondent argues that in computing sentences for prisoners whose crimes

3

were committed after enactment of the Sentencing Reform Act of 1984 ("SRA"), "as amended by the Prison Litigation Reform Act of 1995. . . . [T]he BOP does not consider applying *Willis* credit for situations where the defendant was claiming denial of bail/bond. The burden of verifying bail/bond issues is not a factor under the provisions of 18 U.S.C. § 3585(b)."

Additionally, Respondent has informed the Court that the BOP considered Pease for prior custody credits on the ground that his State sentence was to run concurrently but found no award possible. He argues that under 18 U.S.C. § 3585(a), Petitioner's sentence cannot commence until the date on which it was imposed, the June 3, 2004 date, and that the BOP has begun his sentence on this earliest date. As to time spent in custody prior to that date, *i.e.*, from his arrest forward, credits were already awarded against the State sentence, an award of such credits would be a double award, and double credits are barred by 18 U.S.C. § 3585(b).

Petitioner has submitted an unauthorized "Answer," which the Court has considered nonetheless. In it, Pease claims that the Respondent's cases actually support his position that he is entitled to presentence custody credit when the federal detainer/hold is the exclusive reason for the prisoner's failure to obtain release on bail. Petitioner cites, *inter alia*, *United States v. Wilson*, 503 U.S. 329 (1992), *United States v. Blankenship*, 733 F.2d 433, 434 (6th Cir. 1984), and *McClain v. Bureau of Prisons*, 9 F.3d 503 (6th Cir. 1993).

## DISCUSSION

**1. Credit for Time Spent with Marshals.**

To the extent that Petitioner focuses on the time spent in federal custody *via* the *Writ of Habeas Corpus Prosequendum*, the doctrine of primary jurisdiction defeats his claim. The law is that if the prisoner first comes into the custody of one sovereign, as instant Petitioner was in the

custody of the State of Tennessee, then that sovereign has primary custody of the prisoner and retains it even when he is taken elsewhere by authorities pursuant to a writ of *Habeas Corpus ad Prosequendum*, as Petitioner was. The well-established rationale is that the second sovereign has only "borrowed" him and the State retains primary jurisdiction over him. *See Thomas v. Whalen,* 962 F.2d 358, 361 n. 3 (4th Cir.1992) and *United States v. Insley,* 927 F.2d 185, 186-87 (4th Cir.1991) (holding that "official detention" in 18 U.S.C. § 3585 – the successor statute to section 3568 – means "physical incarceration").

Pease's situation is like the Petitioner's in *Easley v. Stepp*, 5 Fed. Appx. 541, 543 (7th Cir. 2001), wherein the Seventh Circuit concluded that the prisoner was not eligible for credit for time served in a federal facility on a writ of *Habeas Corpus ad Prosequendum*. The Court noted that Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ and that the time spent in custody pursuant to the writ was applied to his state sentence. The Court held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the initial state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[2]

This is true even when the temporary loan to the second sovereign is a lengthy one. In *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. 2000) (Table, unpublished), Petitioner Huffman alleged that he was entitled to credits for a period of years during which he was

---

[2] *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. 2001)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir. 1999)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

primarily in the custody of the North Carolina Department of Corrections and only secondarily in the custody of the United States Marshals, pursuant to a *Writ of Habeas Corpus ad Prosequendum*. The Sixth Circuit ruled against Huffman. The Court held that because Huffman received credit on his state sentence for the entire period of his incarceration up to the commencement of his federal sentence, crediting him again for the time spent pursuant to a *Writ of Habeas Corpus ad Prosequendum* would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman*, 230 F.3d at 1359.

**2. Willis Credits.**

As to the Petitioner's demand for *Willis* credits, in another, similar case before the undersigned, *Green v. Cauley*, 2009 WL 649549 (E.D.Ky. 2009) (slip op.) this Court noted that the *Willis* exception has been written into the BOP's program statement. It defines the situation necessary to raise a *Willis* issue, *i.e,* (1) the prisoner's federal and state sentences are concurrent; and (2) the prisoner's federal sentence is to run longer than the state sentence (not counting any credits). When the prisoner meets both criteria, then he or she is entitled to credits, and the amount of the credits is to be calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that he first sentence begins to run, federal or non-federal  These time credits are know as *Willis* time credits.

P.S. 5880.28(2)(c).

In the instant case, however, the Petitioner fails to meet even the first of these requirements, *i.e.*, that his "federal and state sentences are concurrent." Importantly, the federal court's Judgment was silent as to any State sentence. Therefore, Petitioner has no entitlement to *Willis* credits.

Respondent suggests that there may no longer be continuing viability in awarding *Willis*

credits. He points out that the *Willis* court quoted from a previous version of the sentence calculation statute, 18 U.S.C.A. § 3568,[3] not the current § 3585. In the Sentencing Reform Act of 1984, Congress recodified the prior version into the current statute. The Supreme Court wrote of the change, "Unlike its predecessor, § 3585(b) does not mention the Attorney General," and noted that it is written in passive voice, "[a] defendant shall be given credit . . . ." *Wilson*, 503 U.S. at 336-37. Nevertheless, the High Court found that the change in language did not change the Attorney General's delegation to the BOP of the authority for determining prior custody credits. *Id.* at 334-35. *See, e.g., Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985)).

The *Wilson* Court specifically held that the computation of prisoners' sentences is the function of the BOP, not that of the federal district courts. This Court's function is only to make sure that the prisoner exhausted the administrative remedies prior to coming to Court, and to review the ultimate BOP decision for any abuse of discretion, miscalculation, or error applying law. *See Strbac v. Sniezek*, 2007 WL 1544782, *2 (N.D. Ohio 2007). It is not necessary for this Court

---

[3] 18 U.S.C. § 3568, **Effective date of sentence; credit for time in custody prior to the imposition of sentence,** provided as follows:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. *The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody* in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.
>
> If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.
>
> No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568 (repealed Pub.L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984) (emphasis added).

reach the issue of the continuing viability of *Willis*, however, as the Court has found that Petitioner is not entitled to *Willis* credits on other grounds.

**3. Calculation of Prior Custody Credits.**

This brings the Court to the governing statute, **18 U.S.C. § 3585. Calculation of a term of imprisonment** , which provides as follows:

> **(a) Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

28 U.S.C. § 3585 (emphasis added). Effective since 1987, this statute forms the basis of the BOP's Program Statement 5880.28, Sentence Computation Manual (CCCA-1984).

In the *Wilson* opinion interpreting the changes made to the statute in the SRA, the Supreme Court specifically held that in the new statute, 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Consistently since then, the BOP and the courts in reviewing the decisions have adhered to the words of the statute. *See Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14 (6th Cir. 2003) (not selected for publication in the Federal Reporter) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at

8

505.").

Like Broadwater, Pease is not entitled to credit for the prior custody time which he seeks. The time which he spent in custody prior to June 4, 2004, regardless of the nominal or real custodian and regardless of his physical location, was credited to his State sentence. Therefore, it cannot also be credited again under 28 U.S.C. § 3585(b)). *See Saunders v. Unnamed Warden*, 2008 WL 2775763 (D.N.J. 2008) (unreported) (denying Petitioner credits on the grounds of primary jurisdiction and the prior custody statute, 28 U.S.C. § 3585(b)).

In the instant case, the Petitioner admits that he was granted 299 days of prior custody credits toward his State sentence for all of the time in custody from his arrest by the State until his sentencing by the State, *i.e.*, from October 22, 2003, until August 16, 2004, a span of time which includes the period for which he sought credit herein.

The Court finds that under 28 U.S.C. § 3585(b)), Pease is not entitled to additional prior custody credits toward his federal sentence for the period of time he was either held by the State without bond or was held by the U.S. Marshals pursuant to a *Writ of Habeas Corpus ad Prosequendum*. There has been no mistake of fact or law and no abuse of discretion. The Petition, will, therefore, be denied.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Russell Leon Pease's Petition for Writ of Habeas Corpus [Record No. 2] is **DENIED** and this action will be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, from the docket of the Court; and

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the named Respondent.

This May 29, 2009.

Signed By:
Henry R Wilhoit Jr.
United States District Judge